Jack Garyth Poulson, Esq.
Attorney for Plaintiffs
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT JUNEAU

| | |
|---|---|
| THE ESTATE OF FREDERICK D. BLANDOV, THROUGH ITS PERSONAL REPRESENTATIVE, TINA MARSDEN, AND SUSAN BLANDOV,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:10-CV-            (      )<br><br><br>**COMPLAINT FOR DAMAGES**<br>**(28 U.S.C. § 1346(b) and 28 U.S.C. § 2671)** |

The plaintiffs, The Estate of Frederick Blandov, through its Personal Representative, Tina Marsden, and Susan Blandov, allege as follows:

### STATEMENT OF JURISDICTION

The plaintiffs bring this claim against the United States of America under the Federal Tort Claims Act, pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671.

1. The plaintiffs reside in Metlakatla, Alaska, and are entitled to bring and maintain this action.

2. The plaintiffs have complied with all conditions precedent to bringing this action against the United States of America.

3. The plaintiffs filed an administrative tort claim under the Federal Tort Claims Act against the Annette Island Service Unit of the Metlakatla Indian Community with the Department of Health & Human Services on February 12, 2010.

4. The plaintiffs received a notice of final determination dated March 8, 2010, denying the claim.

### FACTUAL BACKGROUND

**COMPLAINT**
*Blandov v. U.S.*
Page 1 of 1

5. On or about December 5, 2008, the Annette Island Service Unit of the Metlakatla Indian Community owned and maintained facilities, including the Metlakatla Clinic ("the Clinic"), to provide Indian Health Service medical services in Metlakatla, Alaska.

6. On or about December 5, 2008, the clinic dispatched an ambulance to the home of Frederick Blandov to provide a courtesy transport to the clinic for medical treatment.

7. During the transport, the ambulance attendants failed to properly handle the gurney to which Mr. Blandov was secured.

8. While unloading, Frederick Blandov was dropped by the ambulance attendants. He struck his head on the ground.

9. Mister Blandov was subsequently transported to Ketchikan General Hospital with a traumatic brain injury.

10. The injury suffered by Mr. Blandov was so severe that he was medivaced to Harborview Medical Center in Seattle, Washington.

11. On December 6, 2008, Frederick Blandov died from subarachnoid hemorrhaging caused by a blunt force head trauma as the result of being dropped while on the ambulance gurney.

## FIRST CAUSE OF ACTION: NEGLIGENCE

12. The actions and omissions of the ambulance attendants and the Clinic constituted a breach of the duty of care owed to Frederick Blandov and therefore constitute negligence.

13. The negligent conduct of the ambulance attendants in dropping Frederick Blandov was reckless and amounts to gross negligence.

14. The conduct of the ambulance attendants failed to meet the standard of care required of medical transport professionals, and was thus negligent.

15. The Clinic was negligent in selecting and retaining the ambulance service to transport Mr. Blandov.

16. The negligent conduct of the ambulance attendants and the Clinic directly and proximately caused the death of Frederick Blandov and damages to the Estate and to Susan Blandov.

## SECOND CAUSE OF ACTION: AGENCY

17. The Clinic is vicariously liable for the negligence and gross negligence of the ambulance attendants by virtue of the doctrine of *respondeat superior.*

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

Poulson & Woolford, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

18. The Clinic is vicariously liable for the negligent and gross negligent conduct of the ambulance attendants by virtue of the doctrines of express agency.

19. The Clinic is vicariously liable for the negligent and gross negligent conduct of the ambulance attendants by virtue of the doctrine of implied agency.

20. As a direct and proximate result of defendant's negligence, plaintiffs are entitled to all damages allowed by law.

21. As a further direct and proximate result of defendant's negligence, Frederick Blandov suffered severe pain and suffering for which plaintiffs are entitled to compensation.

22. As a further direct and proximate result of defendant's negligence, Susan Blandov has suffered the negligent infliction of emotional distress in an amount according to proof.

23. As a further direct and proximate result of defendant's negligence, Susan Blandov has suffered the loss of care, support, society and companionship of her husband and is entitled to compensation for loss of his consortium in an amount according to proof.

Wherefore, the plaintiffs demand judgment against Defendant United States and request the following relief:

1. Their special damages;

2. Their general damages;

3. Prejudgment and postjudgment interest;

4. Attorney fees and costs; and

5. Such further relief as the Court deems appropriate.

DATED this 2nd day of September, 2010.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
(907) 586-6329 Facsimile
larry@poulsonwoolford.com

Attorneys for Plaintiffs

By: ___/s/ Jack Garyth Poulson___
Jack Garyth Poulson
Alaska Bar No. 8711104

**COMPLAINT**
*Blandov v. U.S.*
Page 3 of 3